# Miller's Estate.

*Contract—Agreement to purchase real estate for another—Oral agreement—Evidence not clear, precise and indubitable—Chancellors' finding of fact—Specific performance—Decedents' estates.*

1. Specific performance of an oral agreement by a decedent to purchase real estate in his own name for his sister, to be paid for by her out of her share of his estate bequeathed to her, will not be enforced, where the chancellor finds that the fact of the existence of the agreement was not established by clear, precise and indubitable evidence.

Argued April 14, 1925. Appeal, No. 84, Jan. T., 1925, by Louisa E. Golden, petitioner, from decree of O. C. Luzerne Co., No. 1334, of 1920, dismissing petition for specific performance, in estate of Peter J. Miller, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Petition for specific performance of oral agreement to purchase real estate for petitioner. Before HELLER, P. J.

The opinion of the Supreme Court states the facts.

Petition dismissed. Petitioner appealed.

*Error assigned* was decree, quoting it.

*Calvin F. Smith,* with him *Paul Bedford,* for appellant.—The evidence was sufficiently clear, precise and indubitable: Charnley v. Hanshury, 13 Pa. 16; Bowers v. Bowers, 95 Pa. 477; Lincoln v. Africa, 228 Pa. 546.

*P. F. O'Neill,* with him *Charles E. Keck,* for appellees, cited: Sorber v. Masters, 264 Pa. 582; Wright v. Nulton, 219 Pa. 253; Derr v. Ackerman, 182 Pa. 591, 596; Hart v. Carroll, 85 Pa. 508, 511.

PER CURIAM, May 4, 1925:

Petitioner, Louisa E. Golden, an invalid sister of decedent, instituted proceedings in the orphans' court under paragraphs (a) and (e) of section 18 of the Fiduciaries Act of June 7, 1917, P. L. 447, wherein she prayed specific performance of a parol contract alleged to have been made between her and decedent. She averred decedent orally agreed, in November, 1912, that he would purchase a house for her use and occupancy; that she was to pay all taxes and insurance on the property, and make improvements at her own expense, or at the expense of those attending and maintaining her; that title was to be taken and held in her brother's name, until his death, when it would vest in her absolutely, and the purchase price was then to be deducted from her share in his estate; that, shortly after making this agreement with her, decedent bought the property in question, had the deed made in his own name, and, in 1913, petitioner and those attending her, namely, her daughter, her son, and son-in-law, took possession, and have been maintaining and occupying the premises ever since, during which period they have, at their own expense, paid all taxes and insurance and made certain valuable improvements. Evidences of ownership, however, have always been retained in decedent.

By his will, executed in 1916, decedent, who died in 1920, directed that the residue of his estate, of every description, should be sold by his executors and the proceeds divided equally among his brother, another sister, and the present petitioner. The will contains no specific reference to any particular piece of property.

Relying on the alleged parol contract, petitioner contends that the premises here in controversy are not part of decedent's estate, and cannot be sold by his executors, but should be conveyed by them to her upon payment of the before-mentioned purchase price. Respondents, however, deny that their decedent entered into any contract with the petitioner; they say his intention in pur-

chasing the property was simply to provide a home for an invalid sister, for whom he had always shown a constant solicitude.

To prove the existence of the alleged oral contract, petitioner introduced testimony by her sister, her son, her daughter, and son-in-law,—the parties who have been living with her, in the house at stake, since its purchase, —all of which is substantially to the effect that, on a Sunday in November, 1912, Peter J. Miller, the decedent, said, in the presence of the petitioner and her daughter and son-in-law: "I will buy that home back there for your mother and you must pay the taxes and all that is connected with it, and what you want done you must do it yourself, but you and George [petitioner's son] must take care of your mother, and at my death the $4,200 is to be kept off your mother's share......I won't make the deed over now; ......if there are any debts contracted......it will be taken away from her."

The chancellor, in his opinion, said: "If the agreement, as alleged, was made, then the prayer of the petitioner should be granted and the decree for specific performance entered, but of this fact we have not been impressed by clear, precise and indubitable evidence." Accordingly he found that "decedent......did not...... purchase for, and give the property in question to, the petitioner." We see no reason to disturb this conclusive finding.

The decree is affirmed, costs to be paid out of decedent's estate.